IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICIA MCGEE,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>Commissioner of the Social Security Administration,<br>        Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL**<br><br><br>Honorable Bruce S. Jenkins<br><br>Case No. 2:11CV 001217-BSJ |

This matter came before the Court for oral argument on August 29, 2012. Richard A. William appeared on behalf of the Plaintiff, and Jessica Milano appeared on behalf of the Defendant. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Commissioner's decision is REVERSED AND REMANDED for the reasons outlined below.

## STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards were correctly applied. *Daniels v. Apfel*, 154 F.3d 1129 (10th Cir. 1998) *citing Castellano v. Secretary of Health & Human Services*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). Further, the ALJ must provide specific and legitimate reasons when rejecting the opinion of any examining physician or psychologist. *Victory v. Barnhart*, 121 F. App'x 819,

825 (10th Cir. 2005); *see also Winfrey v. Chater* 92 F.3d 1017, 1022 (10th Cir. 1996).

## BACKGROUND

On June 5, 2008, the plaintiff filed applications for disability benefits under Titles II and XVI of the Social Security Act.  42 USC §§ 401-434, 1381-1385. (Tr. 14). The applications were ultimately denied at the administrative level.  On January 5, 2012, she sought judicial review by filing suit against the Commissioner pursuant to 42 USC § 405(g).

## DISCUSSION

In denying her disability claim, plaintiff has argued that the Commissioner erred on the following grounds: (1) the Administrative Law Judge ("ALJ") failed to properly reject the opinion of consultative evaluation Dr. John Hardy and failed to properly weigh other medical opinion evidence; (2) the impact of plaintiff's obesity was not properly considered in assessing whether her condition meets a "Listing"; (3) improper reasons were used for discounting plaintiff and others' credibility; (4) supported limitations were not included in the ALJ's held residual functional capacity ("RFC") nor in the hypothetical the ALJ presented to the vocational expert ("VE"); and (5) that the ALJ failed to resolve important conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

Defendant argues that: (1) substantial evidence supports the ALJ's finding that plaintiff's condition does not meet or medically equal the criteria of a Listing; (2) the ALJ reasonably considered and weighed the medical source opinions; (3) The ALJ properly considered lay witness and plaintiff's testimony; (4) substantial evidence supports the ALJ's assessment of plaintiff's RFC; and (5) the ALJ properly found that plaintiff could perform other work existing in the national economy.

Plaintiff's first argument regarding the opinion of Dr. Hardy is persuasive. Dr. Hardy's

opinion is important to a proper consideration of plaintiff's disability claim. During the administrative hearing, the ALJ indicated that, if Dr. Hardy opined that plaintiff could not maintain focus and concentration past three hours, then disability would be established.  In response to a request for further clarification from the ALJ, Dr. Hardy indicated that plaintiff could "stay focused for two hours and then it was very likely that her pain would interfere with her ability to stay focused even after a break."  (Tr. 512). The ALJ then rejected Dr. Hardy's opinion for the following reasons: (1) Dr. Hardy's opinion is unsupported by objective testing, (2) his opinion runs contrary to the medical evidence, and (3) "he is a psychologist, not a medical doctor, and is therefore not qualified to give estimates of limitations based purely on pain."  (Tr. 24).

These reasons were not proper or supported by the evidence.  Moreover, the ALJ failed to cite specific evidence that runs contrary to Dr. Hardy's opinion and did not indicate in what way Dr. Hardy's opinion is unsupported by objective evidence.

Dr. Hardy is qualified as a psychologist to make statements regarding the effects of pain on Ms. McGee's ability to stay focused; especially in light of the ALJ's recognition of "pain disorder" as one of Ms. McGee's severe impairments. (Tr. 16).  Pain disorder is both a physical and a mental impairment, and Dr. Hardy is within his expertise to opine regarding its effects on Ms. McGee's ability to stay focused.  Like many psychological disorders, pain disorder is diagnosed based on each patient's symptoms and may be made by a psychologist.

This Court finds that, on remand, the ALJ needs to expand on his consideration of the question of concentration limitation/sustainability and the question of pain, as they are connected with each other. When reconsidering these questions, the ALJ should, in part, look again at the information provided by psychologist Dr. Hardy.

## CONCLUSION

IT IS HEREBY ORDERED that, pursuant to sentence four of 42 USC § 405(g), the Commissioner's decision denying Ms. McGee's applications for disability insurance benefits and supplemental security income benefits is REVERSED and REMANDED for further administrative proceedings. IT IS FURTHER ORDERED that judgment shall be entered in accordance with Fed. R. Civ. P. consistent with the United States Supreme Court's decision in Shalala v. Barnhart, 509 US 292, 296-302 (1993).

DATED this 20th day of December, 2012

Judge Bruce S. Jenkins
United State District Court Judge